UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DESERT ROCK ENTERTAINMENT II LLC, a Nevada limited liability company and DROCK GAMING LLC, a Nevada limited liability company,<br><br>       Plaintiff,<br> v.<br><br>D. HOTEL AND SUITES, INC., a Massachusetts corporation.,<br><br>       Defendant. | Case No. 2:15-cv-01417-MMD-VCF<br><br>ORDER |

**I. SUMMARY**

Plaintiffs Desert Rock Entertainment II LLC and Drock Gaming LLC's ("Casino") filed suit in this Court alleging, among other things, that D. Hotel and Suites, Inc. ("Hotel") infringed on Casino's trademarks. Casino seeks an injunction preventing Hotel from using the name "D. Hotel & Suites" or any other name similar to Casino's registered trademarks. This Order addresses Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (dkt. no. 14). The Court has reviewed Plaintiffs' response (dkt. no. 15) and Defendant's reply (dkt. no. 18). For the reasons set forth below, Defendant's Motion is granted.

**II. BACKGROUND**

The following facts are taken from the Complaint and Hotel's Motion.

Casino consists of two Nevada limited liability companies. (Dkt. 1 at 1.) In 2011, the companies purchased and remodeled an old downtown Las Vegas casino, which

they reopened as "The D Casino & Hotel" in the fall of 2012. (*Id.* at 3-4.) Casino registered a number of trademarks in relation to this venture, including "The D," "The D Casino & Hotel," and "D Las Vegas." (*Id.* at 5.) Casino operates a website at www.theD.com, and owns several other domains including www.theDlasvegas.com, www.dhotelandcasino.com, and www.intheDlasvegas.com. (*Id.* at 4.)

Hotel is a Massachusetts corporation formed in 2013. (Dkt. no. 14-1 ¶ 1.) Hotel owns a hotel called "D. Hotel & Suites," which is located in Holyoke, Massachusetts. (*Id.* ¶ 3.) Hotel & Suites was opened in 2013 and is named after a nearby restaurant called Delaney House. (*Id.* ¶¶ 6-8.) The same husband and wife own and operate both the hotel and the restaurant. (*Id.* ¶¶ 5-9.) Hotel maintains a website located at http://stayatthed.com and also books through third party websites like Expedia.com and Hotels.com. (*Id.* ¶¶ 17-18.) Hotel advertises in local newspapers in Western Massachusetts and Connecticut, but does not specifically target Nevada. (*Id.* ¶ 16.) Since February 9, 2014, Hotel has had 10 reservations from guests with Nevada addresses. (*Id.* ¶ 19.) These 10 reservations constituted approximately 0.0007% of Hotel's revenue for that period. (*Id.*) Though 10 guests had Nevada addresses, it is not clear from where they actually booked their reservations. (*Id.* ¶ 20.)

## III. LEGAL STANDARD

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansin*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where, as here, defendants' motions are based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1127 (9th Cir. 2010) (internal quotation marks omitted). The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). The court "may not assume

the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but it may resolve factual disputes in the plaintiff's favor, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

**IV.  DISCUSSION**

A two-part analysis governs whether a court retains personal jurisdiction over a nonresident defendant. "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Chan v. Society Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994). Since "Nevada's long-arm statute, NRS § 14.065, reaches the limits of due process set by the United States Constitution," the Court moves on to the second part of the analysis. *See Baker v. Eighth Judicial District Court ex rel. Cnty. of Clark*, 999 P.2d 1020, 1023 (Nev. 2000). "Second, the exercise of jurisdiction must comport with federal due process." *Chan*, 39 F.3d at 1404–05. "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)).

Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific jurisdiction. Casino relies only on specific jurisdiction. (Dkt. no. 15 at 4 (conceding that "general jurisdiction is not present.").)

Specific jurisdiction exists where "[a] nonresident defendant's discrete, isolated contacts with the forum support jurisdiction on a cause of action arising directly out of its forum contacts." *CollegeSource, Inc.*, 653 F.3d at 1075.  In the Ninth Circuit, courts use a three-prong test to determine whether specific jurisdiction exists over a particular cause of action: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the

exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Id.* at 1076 (quoting *Schwarzenegger*, 374 F.3d at 802)). The first prong, alternatively called purposeful availment or purposeful direction, is often determinative. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc). Moreover, the party asserting jurisdiction bears the burden of satisfying the first two prongs. *CollegeSource, Inc.*, 653 F.3d at 1076 (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If it does so, the burden shifts to the party challenging jurisdiction to set forth a "compelling case" that the exercise of jurisdiction would be unreasonable. *CollegeSource, Inc.*, 653 F.3d at 1076 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

Hotel maintains an interactive website which allows customers to book rooms directly and also uses third-party booking websites like Expedia.com. (Dkt. no. 14-1 ¶¶ 17-18.) Hence, a resident of Nevada may do business with Hotel from the comfort of his or her home. Pertinent to the first prong of the specific jurisdiction test is whether an interactive website like Hotel's may support a finding that a defendant purposefully directed its activity to Nevada. Under the circumstances here, the Court finds that Casino has not met its burden to satisfy the first prong. Therefore, the Court need not evaluate the remaining two prongs.

"The first prong of the specific jurisdiction test refers to both purposeful availment and purposeful direction." *CollegeSource, Inc.*, 653 F.3d at 1076. "It may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." *Yahoo! Inc.* 433 F.3d at 1206. Cases involving tortious conduct, like trademark infringement, are analyzed under the rubric of purposeful direction. *CollegeSource, Inc.*, 653 F.3d at 1076 (citing *Schwarzenegger*, 374 F.3d at 802). In tort cases, the Ninth Circuit asks whether a defendant "purposefully directs" their activities at the forum state and applies an "effects" test that looks to where the defendant's actions were felt, rather than on where the actions occurred. *Yahoo! Inc.,* 433 F.3d at 1206 (quoting *Schwarzenegger*, 374 F.3d at

803.). The "effects test" requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc.*, 433 F.3d at 1206 (quoting *id.* at 803).

### A.     Intentional act

It is clear that the alleged conduct in question in this case was intentional. Hotel acknowledges that it created a website and various marketing materials, including its logo, intentionally. (Dkt. no. 14-1 ¶¶ 7, 11, 12, 17.)

### B.     Expressly aimed at the forum

The Ninth Circuit has admittedly struggled with the question of whether tortious conduct related to a nationally accessible website is expressly aimed at any or all forums from which the site can be viewed. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011) (noting the issue and collecting cases). In *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir.1997), the court recognized a distinction between passive websites, which simply display information, and interactive websites, which allow customers to exchange information with a business. The *Cybersell* court approvingly cited *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D.Pa.1997), an oft-cited case which describes a sliding scale approach to evaluating jurisdiction based on the nature and quality of commercial activity that takes place through a website. According to the *Zippo* court, a website which simply provides information and is accessible to users in a given forum is likely not expressly aimed at that forum, whereas a website which is used to conduct significant business with residents of a forum likely is expressly aiming its activities at that forum. "Courts that have addressed interactive sites have looked to the 'level of interactivity and commercial nature of the exchange of information that occurs on the Web site' to determine if sufficient contacts exist to warrant the exercise of jurisdiction." *Cybersell,* 130 F.3d at 418. "There has to be 'something more' [than mere advertisement on the Internet alone] to indicate that the defendant purposefully (albeit electronically) directed his activity in a

1  substantial way to the forum state." *Id.* The Ninth Circuit has also identified "the
2  geographic scope of the defendant's commercial ambitions" and "whether the defendant
3  'individually targeted' a plaintiff known to be a forum resident" as relevant to a
4  determination that a defendant expressly aimed at a forum state. *Mavrix Photo*, 647 at
5  1229.

6  Hotel's website is interactive in that it allows users to book rooms. A small number
7  of guests with Nevada addresses have stayed at Hotel, though it is not clear whether
8  they booked rooms directly through Hotel's website. The website falls somewhere in the
9  middle of the sliding *Zippo* scale. It is neither a completely passive site nor an interactive
10 commercial site that "continuously and deliberately exploited" the Nevada market. *Mavrix
11 Photo*, 647 F.3d at 1230. The Court therefore finds the additional factors that the Ninth
12 Circuit has identified helpful in resolving the question of express aiming.

13 Hotel's commercial ambitions are clearly focused on the local market in
14 Massachusetts and Connecticut. Hotel has provided evidence that they do not advertise
15 or solicit business outside of their local market. (Dkt. no. 14-1 ¶ 16.) Casino has not
16 addressed or rebutted this evidence in any way.

17 Casino argues that Hotel targeted them and should have known about Casino's
18 trademarks because a simple Internet search would have revealed Casino's trademarks
19 due to its virtual presence, including 11 established websites. (Dkt. no. 15 at 6.)
20 However, the cases which Casino cites as support involve instances in which a so-called
21 cyber squatter registers a web domain of an existing business with the hope of extracting
22 money from that business. For example in *Hakkasan LV, LLC v. Tsang Hang Wang*, No.
23 2:13-CV-1122-GMN-CWH, 2015 WL 1202750, at *1 (D. Nev. Mar. 17, 2015), a California
24 citizen registered and operated the website hakkansanlasvegas.net. Hakkasan Las
25 Vegas, a nightclub located within the MGM Grand in Las Vegas, obtained a default
26 judgment against the California citizen. In addressing the question of personal
27 jurisdiction, the court cited *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1318 (9th
28 Cir. 1998), another case where a defendant established various domain names with the

intent to sell the domains to specific trademark owners within a forum. These types of cases generally support a finding that a defendant has expressly aimed its behavior at a forum state because the defendant has intentionally targeted a specific entity within the forum state.[1] *See Panavision*, 141 F.3d at 1321-22. That is not the case here. There is no evidence that Hotel was targeting Casino when it created its website. There is, however, evidence that Hotel did not know of Casino's existence until after its website was created. (Dkt. no. 14-1 ¶ 22.) The Court finds that the "nature and quality of commercial activity" that Hotel conducts via its website does not create contacts with Nevada in a substantial way to support a finding that Hotel's actions were expressly aimed at Nevada in any way. *Cybersell,* 130 F.3d at 419.

In sum, the Court finds that Casino has not made a prima facie case that Hotel purposefully directed its activities at Nevada or purposefully availed itself of Nevada's jurisdiction through its website. Casino has failed to satisfy the first prong of the Ninth Circuit's three-prong test for specific jurisdiction, and consequently failed to meet its burden of showing that jurisdiction is proper. The Court will therefore dismiss this action without prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir.1999) (explaining that dismissals for lack of jurisdiction "should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court." (internal citations omitted)).

**V.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

---

[1] Casino additionally suggests that personal jurisdiction exists over a nonresident defendant because of its allegations of trademark infringement, citing *Hakkasan* as support. (Dkt. no. 15 at 4.) In *Cybersell*, the Ninth Circuit declined to entertain a similar argument that trademark infringement over the Internet should satisfy the first prong, "[o]therwise, every complaint arising out of alleged trademark infringement on the Internet would automatically result in personal jurisdiction wherever the plaintiff's principal place of business is located." *Cybersell,* 130 F.3d at 420.

1  It is therefore ordered that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (dkt. no. 14) is granted. The case is dismissed without prejudice.

The Clerk is directed to close this case.

DATED THIS 2nd day of May 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE